UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONNELL MCKINNON,<br><br>　　　　　　　　　　Petitioner,<br><br>　v.<br><br>STEPHEN D. SINCLAIR,<br><br>　　　　　　　　　　Respondent. | No. C12- 5922 RBL/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for:  March 29, 2013** |

　　　Petitioner Donnell McKinnon filed a 28 U.S.C. § 2254 habeas petition challenging his 2003 conviction for second-degree assault-domestic violence.  ECF No. 3.  Respondent filed an Answer stating that the petition should be dismissed as time-barred based on 28 U.S.C. § 2244(d).  ECF No. 13.  In reply, Petitioner filed proof that he signed his personal restraint petition on September 21, 2007 (although it was not filed with the Washington Court of Appeals until September 27, 2007).  ECF Nos. 15 and 16.  As discussed below, the Court has assumed that Petitioner's state court filings were timely and tolled the federal statute of limitations.  Nevertheless, the Court agrees that Mr. McKinnon's federal habeas petition is time-barred.  The petition should be dismissed as untimely and a certificate of appealability denied.

**BACKGROUND**

**A.**　　**Statement of Facts**

　　　The Washington Court of Appeals summarized the facts as follows:

> 　　　In February 2003, Donnell McKinnon was living in Tacoma with Vester Davis, whom he had been dating for about two years.  On the evening of February

REPORT AND RECOMMENDATION - 1

17, they argued as they drove home from Davis's brother's apartment. McKinnon dropped Davis off at their apartment, then drove away in Davis's car. Davis went inside, went to bed, and was awakened the next morning by McKinnon punching her repeatedly in the face. Davis ended up on the floor where McKinnon kicked her in the face.

Richard Brooks, who owned the apartment building and lived downstairs from Davis and McKinnon, heard the commotion and called 911. While still on the phone with 911, Brooks followed McKinnon, who ran down the stairs and drove off in Davis's car.

Paramedics brought Davis to the emergency room at St. Joseph's Hospital, where Dr. James Fulcher treated her. She had a small area of tenderness on the side of her neck just below the ear, multiple facial bruises, and several lacerations on her upper and lower lips that required stitches.

The jury convicted McKinnon of second degree assault. Because he had two prior convictions that were "most serious offenses" under RCW 9394A.030(28), the assault conviction was the "third strike" under RCW 9394A.570, the Persistent Offender Accountability Act (POAA). The trial court sentenced McKinnon to life in prison without parole. His two prior "strikes" were a 1985 California second degree robbery conviction and a 1994 Thurston County second degree child rape conviction.

ECF No. 14, Exhibit 5. The sentence was imposed on April 1, 2004. ECF No. 14, Exhibit 1.

**B.     State Court Procedural History**

**1.     Direct Appeal**

Mr. McKinnon filed a timely appeal. ECF No. 14, Exhibit 2. The State answered. *Id.,* Exhibit 3. Mr. McKinnon filed a statement of additional grounds for review. *Id.,* Exhibit 4. On November 15, 2005, the Washington Court of Appeals affirmed his judgment and sentence. *Id.,* Exhibit 5. Mr. McKinnon petitioned for review. ECF No. 14, Exhibit 6. On September 7, 2006, the Washington State Supreme Court denied review. *Id.,* Exhibit 7.

**2.     First Personal Restraint Petition**

On September 21, 2007, Mr. McKinnon signed his personal restraint petition. ECF No. 15. The petition was filed by the Washington Court of Appeals on September 27, 2007. ECF

REPORT AND RECOMMENDATION - 2

No. 14, Exhibit 8.  The State responded.  *Id.,* Exhibit 9.  On June 27, 2008, the Washington Court of Appeals dismissed the petition.  *Id.,* Exhibit 10.  Mr. McKinnon did not petition for discretionary review in the Washington State Supreme Court.

### 3.     Second Personal Restraint Petition

On October 26, 2010, Mr. McKinnon filed his second personal restraint petition.  ECF No. 14, Exhibit 11.  On March 8, 2011, the Washington Court of Appeals dismissed the petition as untimely.  *Id.,* Exhibit 12.  Mr. McKinnon petitioned for review.  *Id.,* Exhibit 13.  On July 11, 2011, the Washington State Supreme Court adjudicated the petition on the merits and denied review.  *Id.,* Exhibit 14.  Mr. McKinnon moved to modify.  *Id.,* Exhibit 15 .  On November 2, 2011, the Washington Supreme Court denied the motion to modify.  *Id.,* Exhibit 16.

## FEDERAL HABEAS CORPUS GROUNDS

Mr. McKinnon presents the following grounds for federal habeas relief:

1)  An out of state conviction of Robbery was not a strike for purposes of the Persistent Offender Accountability Act.

2)  The sentencing court's use of a preponderance of evidence standard to find that Petitioner is a persistent offender violated his constitutional rights to a jury trial.

3)  Prosecutorial misconduct during closing argument denied Petitioner a fair trial.

ECF No. 3, pp. 5, 6, and 8.

## DISCUSSION

### I.     Habeas Review Standard and Exhaustion of Remedies

Under the Antiterrorism and Effective Death Penalty Act's ("AEDPA's") "unreasonable application" clause, a federal habeas court may grant a writ of habeas corpus only if the state court identifies the correct governing legal principle from the Supreme Court's

REPORT AND RECOMMENDATION - 3

decisions but unreasonably applies that principle to the facts of the prisoner's case.  *Williams v. Taylor*, 529 U.S. 362, 407–09 (2000).  In addition, a state court's decision may be overturned only if the decision is "objectively unreasonable."  *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003).   When it is clear that the state court did not reach the merits of a properly raised issue, a federal habeas court will review the issue *de novo*.  *See Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).  Nonetheless, factual determinations by the state court are presumed correct and can be rebutted only by clear and convincing evidence.  *Id.* at 1168; 28 U.S.C. § 2254(e).

Because the Court finds that Mr. McKinnon did not file his habeas petition within the one year statute of limitations under 28 U.S.C. § 2244(d), the Court need not determine whether he properly exhausted his habeas claims. 28 U.S.C. § 2254(b)(2).

## II. Evidentiary Hearing

The decision to hold a hearing is committed to the Court's discretion.  *Schriro v. Landrigan*, 550 U.S. 465,127 S. Ct. 1933, 1939-41 (2007).  "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Landrigan*, 127 S. Ct. at 1940.  In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court.  *Cullen v. Pinholster*, ---U.S.---, 131 S. Ct. 1388 (2011).

The Court finds it unnecessary to hold an evidentiary hearing because the existing record shows that Mr. McKinnon's habeas petition is not timely under 28 U.S.C. § 2244(d).

//

//

//

REPORT AND RECOMMENDATION - 4

**III.     28 U.S.C. § 2244(d) One-Year Statute Of Limitations**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), habeas corpus petitions by persons imprisoned under a state court judgment are subject to a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ."  Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

Where a habeas petitioner sought direct review by the highest state court but did not file a petition for a writ of certiorari in the United States Supreme Court, the AEDPA one-year limitations period for seeking federal habeas review begins to run not on the date the highest state court entered judgment, but on the date the time for seeking certiorari expires.  See *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  The time period for seeking certiorari is ninety days, according to the Supreme Court Rule 13.  *Id*.

In Mr. McKinnon's case, the AEDPA's one-year statute of limitations started to run on December 6, 2006, ninety days from the date the Washington Supreme Court denied his petition for review on September 7, 2006.  ECF No. 14, Exhibit 7; *Bowen,* 188 F.3d 1157.

When Mr. McKinnon filed his first personal restraint petition on September 21, 2007, 289 days of the statute of limitations had already run.[1] ECF No. 14, Exhibit 8.  The statute of limitations was tolled while Mr. McKinnon's first petition was pending.  It began running again

---

[1] The Court's calculations account for the additional six days between the date Mr. McKinnon signed his first personal restraint petition and the date it was filed with the Washington Court of Appeals.

REPORT AND RECOMMENDATION - 5

on July 27, 2008, thirty days after the Washington Court of Appeals filed its opinion, since Mr. McKinnon did not petition the Supreme Court for review.

An additional 821 days ran between July 27, 2008 and October 26, 2010, when Mr. McKinnon filed his second personal restraint petition. Even though the Washington Court of Appeals dismissed the petition as time barred, the Washington Supreme Court did not uphold the lower court's decision and instead addressed the claim on the merits. ECF No. 14, Exhibits 12 and 14. Because the last state court that addressed the petition did not hold it was time-barred but rather addressed it on the merits, the time that the second petition was pending further tolled the federal statute of limitation.

An additional 346 days ran between November 2, 2011 (the date the supreme court denied Mr. McKinnon's motion to modify), and the date Mr. McKinnon signed his federal habeas petition on October 13, 2012. ECF No. 3.

Therefore, even with a second personal restraint petition tolling the statute of limitations, a total of 1356 days elapsed between the date the AEDPA's statute of limitations began running and the day that Mr. McKinnon signed his federal habeas petition. Because more than one year ran between the date his judgment and sentence became final and the date he signed his federal petition, Mr. McKinnon's federal petition is untimely under § 2244(d)(1) one-year statute of limitations.

**IV.   Equitable Tolling**

The statute of limitations is subject to equitable tolling. *Holland v. Florida*, ––– U.S. –––, ––––, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010); *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir.2003). Equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary

REPORT AND RECOMMENDATION - 6

circumstances were the cause of his untimeliness." *Laws*, 351 F.3d at 922 (internal quotation marks and quoted source omitted).

To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)) (emphasis deleted).  In other words, equitable tolling may be appropriate when external forces, rather than petitioner's lack of diligence, prevent timely filing. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999).

A claim that his habeas petition has merit is not a basis to equitably toll § 2244(d)'s limitations period.  Equitable tolling will not be available in most cases because extensions of time should only be granted if extraordinary circumstances beyond prisoner's control make it impossible for him to file his petition on time. See *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1289 (9th Cir.1997), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir.1998) (en banc), cert. denied, 526 U.S. 1060, 119 S.Ct. 1377, 143 L.Ed.2d 535 (1999).

Mr. McKinnon provides no evidence of any external circumstance beyond his direct control that prevented him from timely filing his federal habeas petition or other extraordinary circumstances that might qualify him for equitable tolling of the statute of limitations. *See Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).  Therefore, his habeas petition is barred by the one-year statute of limitations period based on 28 U.S.C. § 2244(d)(1)(A) and should be dismissed with prejudice.

//

//

REPORT AND RECOMMENDATION - 7

**CERTIFICATE OF APPEALABILITY**

If the District Court adopts this Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue.  Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.  A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller–El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

Under this standard, Mr. McKinnon should be denied a COA because no reasonable jurist could disagree with dismissing as time-barred a habeas petition that was filed beyond the one-year statute of limitations where the record establishes that equitable tolling is not warranted.

**CONCLUSION**

Mr. McKinnon's federal habeas corpus petition is untimely as his petition was filed more than one year after his state court judgment became final.  There are no extraordinary circumstances in his case that require the application of equitable tolling principles.  Therefore, Mr. McKinnon's federal habeas petition is barred by the one-year statute of limitations period under 28 U.S.C. § 2244(d) and should be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140

REPORT AND RECOMMENDATION - 8

(1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 29, 2013**, as noted in the caption.

**DATED** this  11th  day of March, 2013.

                                              Karen L. Strombom
                                              United States Magistrate Judge

REPORT AND RECOMMENDATION - 9